**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| INTERACTIVE COMMUNICATIONS INTERNATIONAL, INC.. | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:10-CV-25-TJW |
| v. | ) |
| | ) |
| ALEXSAM, INC. | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

## PUBLIC VERSION OF ORIGINAL COMPLAINT

Interactive Communications International, Inc. ("InComm" or "Plaintiff"), pursuant to

the Court's Order to remove confidential information so that the Original Complaint may be filed

publicly rather than under seal, hereby files this Public Version of its Original Complaint

("Public Version") against Alexsam, Inc. ("Alexsam" or "Defendant").  InComm and Alexsam

shall be referred to collectively as "the Parties."  Although this Public Version restates certain

allegations from the Original Complaint solely to protect the confidentiality of information

contained in the Original Complaint, the substance of the allegations remains the same.

Accordingly, for its Public Version of Original Complaint, InComm states as follows:

### THE PARTIES

1.      InComm is a corporation existing under the laws of the State of Florida and has

its principal place of business at 250 Williams Street, Suite M-100, in Atlanta, Georgia 30303.

2.      Alexsam is a corporation organized under the laws of the state of Texas.

## JURISDICTION AND VENUE

3.     Jurisdiction and venue are proper because the underlying events giving rise to this lawsuit occurred in Texas and both parties have submitted to the jurisdiction and venue of this Court.

4.     In particular, this lawsuit arises from allegations of patent infringement raised by Alexsam in an arbitration proceeding initiated by Alexsam, and currently pending before the Honorable Karl Bayer.

5.     Alexsam previously sued InComm, among others, in Civil Action No. 2:03-cv-00337-TJW.  That case was resolved by a Settlement Agreement (the "Settlement Agreement," Exhibit A filed under seal)[1] signed by InComm and Alexsam on July 11, 2005, whereby this Court retained jurisdiction to enforce its terms.

6.     The Stipulation and Order of Dismissal, filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) (the "Stipulation," attached hereto as Exhibit B), which was signed by the parties on July 20, 2005, stated:  "The Court shall retain jurisdiction over this matter to insure that the terms and conditions of the parties' settlement agreement are honored and enforced." This Court signed a one-page Order of Dismissal (attached hereto as Exhibit C) on July 25, 2005 granting the Stipulation.

7.     Furthermore, Alexsam has initiated an arbitration proceeding in Austin, Texas arising from events related to the prior lawsuit and that are covered by the Settlement Agreement.  Alexsam has expanded the scope of the arbitration in violation of the Settlement Agreement, as set forth below.

---

[1] The confidential exhibits to this Public Version are being filed contemporaneously herewith but under seal in accordance with the Court's directive.

8.     InComm has filed a Motion to Enforce the Settlement Agreement in Civil Action

No. 2:03-cv-00337-TJW because the dispute being raised by Alexsam involves patent

infringement allegations that were released, dismissed and settled in that action.  However,

Alexsam contends that the release, dismissal and settlement do not resolve the dispute and

therefore, there is a real and justiciable controversy over patent infringement that this Court

needs to resolve.

9.     This Court has subject matter jurisdiction over this action because it arises under

the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 *et seq.*

## FACTUAL ALLEGATIONS

10.     On July 10, 1997, U.S. Patent Application No. 08/891,261, entitled

"Multifunction Card System," was filed, and eventually issued as U.S. Patent No. 6,000,608

("the '608 Patent," attached hereto as Exhibit D) on December 14, 1999.

11.     On October 27, 1999, U.S. Patent Application No. 09/428,641, entitled

"Multifunctional Card System," was filed, and eventually issued as U.S. Patent No. 6,189,787

("the '787 Patent," attached hereto as Exhibit E) on February 20, 2001.

12.     Alexsam has represented and warranted that it is the owner of the '608 and '787

Patents.

**A.     The Original Alexsam Lawsuit and Settlement**

13.     In 2005, Alexsam sued InComm and 11 other Defendants in the United States

District Court for the Eastern District of Texas, alleging infringement of the '608 Patent and the

'787 Patent.  *Alexsam, Inc. v. Datastream Card Services Limited, et al.*, No. 2:03-CV-337 (E.D.

Tex. 2005) (hereafter the "*Alexsam* Lawsuit").

14.     In the *Alexsam* Lawsuit, Alexsam originally accused several of InComm's card activation systems of infringement, including InComm's Host-to-Host activation system.  After the *Markman* ruling (Claim Construction Order of Judge T. John Ward, June 10, 2005, *Alexsam* Lawsuit, Exhibit F filed under seal), though, Alexsam abandoned all claims of infringement against the Host-to-Host activation system, and instead continued to assert infringement only with respect to InComm's VisaNet System.  Alexsam also abandoned all claims of infringement under the '608 and '787 Patents, except with respect to claim 57 of the '608 Patent.

15.     Alexsam and InComm then settled the *Alexsam* Lawsuit.  The Settlement Agreement included a (i) a Stipulation and Order of Dismissal With Prejudice , and (ii) a Compromise and Settlement Agreement and Release of All Claims.

16.     Pursuant to the Settlement Agreement, Alexsam dismissed with prejudice all claims against InComm "that were or could have been asserted in the Lawsuit . . ."

17.     The Settlement Agreement also expressly released Alexsam's claims against InComm.

18.     The Settlement Agreement allows this Court to retain jurisdiction to enforce its terms as applicable to the patent infringement claims and the release of such claims:  "The parties agree that the Court shall retain jurisdiction of this matter to enforce the terms, conditions and covenants of this Agreement."

19.     While InComm has activated different branded cards since entry of the Settlement Agreement and dismissal with prejudice, it continues to use the basic Host-to-Host activation system that it pioneered in 1995 and which Alexsam, in essence, conceded did not infringe its patent claims when it abandoned all infringement claims against that system prior to settlement because of the *Markman* Order favorable to InComm.  InComm has not substantially altered or

modified its activation systems as to features relevant to the '608 or '787 Patents at issue in the *Alexsam* Litigation, covered by the Settlement Agreement, and dismissed with prejudice.

20.     Notwithstanding the Alexsam Lawsuit and the Settlement Agreement, InComm and Alexsam have continued to conduct business with each other.  See, e.g., Exhibit G filed under seal.

**B.      The Dispute**

21.     Starting in 2007, a dispute arose between Alexsam and InComm, the details of which are provided in detail in the original confidential Complaint.  In general, however, Alexsam now alleges that InComm cards that are activated over InComm's Host-to-Host Activation system are covered by one or more claims of the '608 Patent and/or the '787 Patent as those patent claims were construed by Judge Ward in the *Alexsam* Lawsuit.  Complaint, paragraph 16.

22.     Alexsam impermissibly seeks to re-litigate issues resolved by the separate Settlement Agreement.  Alexsam seeks to have those issues resolved in an arbitration proceeding outside of federal court, asking that a third party interpret terms in accordance with Judge Ward's prior *Markman* Order from the *Alexsam* Lawsuit, and then apply those interpretations to determine whether the accused products fall within the claims of the '608 and/or '787 Patents.

23.     Such analysis falls squarely within the realm of patent law for a federal court and not for a third party to resolve unless the parties explicitly agreed to have a third party resolve that issue, which they did not..

24.     InComm and Alexsam never agreed to allow a third party resolve patent infringement disputes relating to the '608 and/or '787 Patents.  On the contrary, InComm and

Alexsam resolved their patent disputes through the Settlement Agreement, and agreed that the district court should retain jurisdiction to enforce the terms of the Settlement Agreement, including whether products infringe either the '608 Patent or the '787 Patent and are, therefore, released or barred by claim preclusion.

## COUNT I

### (Declaratory Judgment Of Exclusive Jurisdiction Of The Federal District Court)

25.     Paragraphs 1 through 24 are incorporated by reference as if fully restated herein.

26.     The factual and legal question of whether products are covered by a claim of the '608 patent or the '787 Patents is a matter of patent infringement analysis reserved for the district courts.

27.     This Court has subject matter jurisdiction over this action because it arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., including 35 U.S.C. §§ 271 and 281-285.

28.     Alternatively, issues of patent infringement were resolved by the Settlement Agreement.  Only the district court from the *Alexsam* Lawsuit has jurisdiction to consider – or re-consider – such issues as a result of its retention of jurisdiction to enforce the Settlement Agreement, particularly when coupled with federal statutes, namely Title 35 of the United States Code.

29.     Alexsam's ongoing efforts to raise issues of patent infringement outside of this forum rather than through this Court create an immediate, real, and justiciable controversy between the Parties with respect to the alleged infringement of the '608 and/or '787 Patents.

30.     InComm is entitled to a declaratory judgment that such issues of patent infringement of the claims of the '608 Patent or '787 Patent, namely whether certain products are

covered by a claim of the '608 or '787 Patents are within the exclusive jurisdiction of the district court, not an arbitrator.

31.     InComm is entitled to a declaratory judgment that the arbitration and any other outside proceeding to resolve the question of patent infringement initiated by Alexsam should be dismissed and terminated.

## COUNT II

### (Declaratory Judgment of Non-Infringement of the '608 And '787 Patents)

32.     Paragraphs 1 through 24 are incorporated by reference as if fully restated herein.

33.     By asserting in the arbitration that products activated through InComm's Host-to-Host activation system are covered by a claim of the '608 or 787 Patents as those claims have been construed by Judge Ward in the *Alexsam* Lawsuit, Alexsam is asserting that these products are infringing products.

34.     InComm denies that any of its products infringe, have ever infringed, or will ever infringe, any valid claim of the '608 and/or '787 Patents under any theory of infringement, including direct infringement, indirect infringement, literal infringement, or infringement under the doctrine of equivalents.

35.     Counsel for Alexsam has, on two separate occasions, threatened to sue InComm again for patent infringement.

36.     In particular, during one telephone conversation, Alexsam's counsel, James Foster stated to InComm's counsel, Brian Buroker, that InComm's position regarding the inclusion of Host-to-Host activation systems could not be correct, and that Alexsam would file suit against InComm for patent infringement if InComm prevailed.

37.     During a subsequent meeting on January 21-22, 2010, Mr. Foster again reiterated that Alexsam would sue InComm for patent infringement if the arbitration was unsuccesful for Alexsam.

38.     In other words, Alexsam has accused InComm's products of either (a) being covered by a claim of the '608 or '787 Patents as those claims have been construed by Judge Ward or (b) infringing the '608 and/or '787 Patents and thus subject to litigation for patent infringement.

39.     Either case amounts to a threat of infringement against InComm.

40.     Accordingly, there exists an immediate, real, and justiciable controversy between the Parties with respect to the alleged infringement of the '608 and/or '787 Patents.

41.     As stated above, InComm's products are essentially the same today as at the time of the Settlement Agreement, and thus Alexsam's further claims are barred by claim preclusion.

42.     Moreover, InComm's products do not infringe any valid claims of the '608 Patent or the '787 Patent.

43.     In addition, based on the proceedings in the United States Patent & Trademark Office (USPTO) during the prosecution of the applications which resulted in the issuance of the '608 and '787 Patents, as shown by the prosecution history for said patents, and because of the amendment, cancellation and abandonment of claims and the admissions and other statements made in the prosecution histories, Alexsam is estopped from claiming a construction of said patents that would cause any valid claim thereof to cover or include any product manufactured, used, sold or offered for sale by InComm.

44.     InComm therefore requests a declaratory judgment that it does not infringe, directly or indirectly, any claim of the '608 Patent or the '787 Patent, and Alexsam is estopped from claiming a construction that could lead to a finding of infringement.

## COUNT III

### (Declaratory Judgment of Invalidity of the '608 And '787 Patents)

45.     Paragraphs 1 through 24 are incorporated by reference as if fully restated herein.

46.     Alexsam's allegations that the products produced by InComm infringe the '608 Patent or the '787 Patent has caused InComm substantial uncertainty as to their rights regarding the Licensed Patents.

47.     The alleged invention described in the '608 and '787 Patents and all claims set forth therein are invalid for failure to meet the conditions and requirements for patentability as defined in 35 U.S.C. §§ 101, 102, 103 and/or 112.

48.     InComm is entitled to a judicial determination of the controversy between them and Alexsam, and a declaration that the '608 Patent and the '787 Patent, and all claims set forth therein, are invalid.

## COUNT III

### (Declaratory Judgment of Unenforceability of the '608 And '787 Patents)

49.     Paragraphs 1 through 24 are incorporated by reference as if fully restated herein.

50.     Alexsam's allegations that the products produced by InComm infringe the '608 Patent or the '787 Patent as referenced above has caused InComm substantial uncertainty as to their rights regarding the Licensed Patents.

51.     The claims of the '787 Patent are unenforceable due to inequitable conduct in the procurement of the patent from the USPTO.  The named inventor of the '787 Patent, Robert E.

Dorf, through acts or omissions, failed to fulfill his uncompromising duty to disclose and present to the USPTO information he knew or should have known to be material to the examination of the patent application leading to the '787 Patent.

52.     The '787 Patent application purports to be a continuation of the '608 Patent application.  However, at least claims 1-16 and 19-26 are only entitled to a filing date of no earlier than October 27, 1999, since, at a minimum, these claims contain the terms "gift certificate card computer" or "phone card computer," which are not found or supported in the '608 Patent.

53.     On information and belief, such information was material to the examination of the '787 Patent, and Mr. Dorf withheld such information with intent to deceive or mislead the USPTO.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, granting Plaintiff the following relief:

A.     For an order and judgment declaring that issues of whether the products accused by Alexsam outside of Court of being covered by one or more claims of the '608 Patent and the '787 Patent are matters of patent infringement and analysis within the exclusive jurisdiction of the federal district court and not subject to resolution in an out-of-court process.

B.     For an order and judgment declaring that Plaintiff has not infringed, directly or contributorily, any claim of the patents-in-suit, nor have Plaintiffs induced or caused others to infringe any claim of the '608 Patent and/or the '787 Patent.

C.      For an order and judgment declaring that the '608 and '787 Patents, and all claims contained therein, are invalid for failure to meet the conditions and requirements for patentability as defined in 35 U.S.C. §§ 101, 102, 103 and/or 112.

D.      For an order and judgment declaring that the '608 and '787 Patents, and all claims contained therein, are unenforceable for failure to disclose information to the USPTO that would have been material to examination of said patents.

E.      For an order and judgment immediately dismissing or staying the Arbitration.

F.      For an order and judgment declaring that Defendant and each of its officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with Defendant be restrained and enjoined from further prosecuting or instituting any action against Plaintiff, claiming that the '608 and '787 Patents are infringed, or from representing that any of Plaintiff's products or services, or others' use thereof, infringes the '608 Patent and/or the '787 Patent.

G.      For an order and judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Plaintiff attorney fees and costs in connection with this case.

H.      For an order awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demand a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

Dated:  February 10, 2010                    Respectfully submitted,

                                             */S/ J. Rodney Gilstrap*

                                             _____

                                             J. Rodney Gilstrap
                                             State Bar No. 07964200

                                             SMITH & GILSTRAP
                                             P.O. Drawer A
                                             Marshall, Texas 75671
                                             Telephone: (903) 938-8321
                                             Facsimile: (903) 938-8331
                                             E-mail:  gilstrap1957@yahoo.com

                                             OF COUNSEL:

                                             Brian M. Buroker *(pro hac vice pending)*
                                             HUNTON & WILLIAMS LLP
                                             1900 K Street NW
                                             Washington, DC 20006
                                             Telephone: (202) 955-1894
                                             Facsimile: (202) 778-2201
                                             E-mail:  bburoker@hunton.com

                                             Maya M. Eckstein *(admitted pro hac vice)*
                                             HUNTON & WILLIAMS LLP
                                             Riverfront Plaza, East Tower
                                             951 East Byrd Street
                                             Richmond, Virginia 23219-4074
                                             (804) 788-8200
                                             (804) 788-8218 Fax
                                             meckstein@hunton.com

                                             Robin L. McGrath *(pro hac vice pending)*
                                             ALSTON & BIRD LLP
                                             1201 West Peachtree Street
                                             Atlanta, GA  30309
                                             (404) 881-7923
                                             (404) 881-7777 Fax
                                             robin.mcgrath@alston.com

                                             **ATTORNEYS FOR PLAINTIFF
                                             INTERACTIVE COMMUNICATIONS
                                             INTERNATIONAL, INC.**